IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH TRINH | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO._____ |
| | § | |
| v. | § | |
| | § | |
| HOMESITE INSURANCE | § | On removal from the 80th Judicial |
| COMPANY | § | District Court of |
| | § | Harris County, Texas |
| Defendant. | § | Cause No. 202479388 |

**DEFENDANT, HOMESITE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Homesite Insurance Company ("Homesite"), files this Notice of Removal of this action from the 80th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.[1] In support of this removal, Homesite states as follows:

**INTRODUCTION**

1. Homesite issued a Texas Homeowners' Insurance Policy to Joseph Trinh ("Plaintiff"). Plaintiff allegedly resided at the insured property, located at 6503 Desert Rose Ln, Houston, Texas 77086 ("the Property"). Plaintiff alleges damage due to a fire which occurred on or about April 29, 2023. Plaintiff submitted a claim to Homesite against the policy for damages to the Property as a result of the incident.

2. On November 11, 2024, Plaintiff filed suit against Homesite in the 80th Judicial District Court of Harris County, Cause No. 202479388, styled *Joseph Trinh v. Homesite Insurance*

---

[1] Homesite files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Homesite in this matter. *See, e.g., Alliantgroup, L.P. v. Feingold,* No. H- 90-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

*Company.* (EXHIBIT B). Plaintiffs served Homesite with the petition on or about November 22, 2024. *Id.* Plaintiffs' Original Petition alleges breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against Homesite. *Id.* Plaintiffs request monetary relief over $250,000.00 but no more than $1,000,000.00. *Id.* On December 9, 2024, Homesite filed an answer and jury demand. (EXHIBIT C).

3. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff resides in Texas and is a citizen of the State of Texas. (EXHIBIT B). Homesite is a citizen of Wisconsin and Massachusetts. (EXHIBIT D). Therefore, Plaintiff is diverse in citizenship from Homesite.

4. Regarding the amount in controversy, Plaintiff's petition seeks to recover monetary relief of over $250,000.00 but no more than $1,000,000.00. (EXHIBIT B). *Id.* As such, the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

## BASIS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiff and Homesite and the amount in controversy exceeds $75,000.00.

**A.** **Complete Diversity of Citizenship Exists Between Plaintiffs and Homesite.**

6. Plaintiff resides in Harris County, Texas, rendering him a citizen of the State of Texas. (EXHIBIT B). Homesite is a Wisconsin company, with its principal place of business in Boston, Massachusetts, authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Wisconsin and the State of Massachusetts pursuant to 28 U.S.C. § 1332 (c)(1). (EXHIBIT D).

**B.      Plaintiffs Request an Amount in Excess of the Jurisdictional Minimum.**

7.      In addition to the citizenship requirements, 28 U.S.C. § 1332(a) provides that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00…."

8.      Plaintiff's Original Petition alleges damages of over $250,000.00 but no more than $1,000,000.00.  (EXHIBIT B). Therefore, the amount in controversy is greater than $75,000.00.

**C.      All Other Requirements for Removal Have Been Satisfied.**

9.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(e) of the Federal Rules of Civil Procedure because it is filed within thirty days of the date on which Homesite was served with the Petition.  (EXHIBIT B). Through the filing of this Notice of Removal, Homesite expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient service of process.  *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

10.     Homesite has sought no similar relief with respect to this matter.

11.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the District Clerk of Bexar County, Texas.

14.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

15. In accordance with 28 U.S.C. § 1446, Homesite attaches the following documents as exhibits:

   i. Civil Cover Sheet;

   ii. Index of Matters Being Filed (EXHIBIT A);

   iii. Citation of Service on Homesite Insurance Company and Plaintiffs' Original Petition (EXHIBIT B);

   iv. Defendant's Original Answer and Notice of Application for Jury Trial (EXHIBIT C);

   v. Company Summary from the National Association of Insurance Commissioners; (EXHIBIT D);

   vi. Docket Sheet (EXHIBIT E); and

   vii. List of counsel of record and certificate of interested parties (EXHIBIT F) (there have been no orders signed by the state court judge).

16. The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Southern District of Texas, and this cause is removable to the United States District Court for the Southern District of Texas.

17. The undersigned represents Homesite in this matter.

18. If any questions arise regarding the propriety of the removal of this action, Homesite requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

        Respectfully submitted,

        **THE HUDGINS LAW FIRM, P.C.**

By:    /s/ *Steven F. Hudgins*
        Steven F. Hudgins
        Attorney in Charge
        State Bar Number 00793993
        shudgins@hudgins-law.com
        Kevin Orr
        State Bar Number 24111043
        korr@hudgins-law.com
        24 Greenway Plaza, Suite 2000
        Houston, Texas 77046
        Telephone (713) 623-2550
        Facsimile (713) 623-2793

        **ATTORNEYS FOR DEFENDANT,**
        **HOMESITE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Southern District of Texas, I certify that service of Defendant Homesite Insurance Company's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on the 16th of December 2024 and was served to the following counsel of record:

David M. Anderson
State Bar No. 24064815
Stephen P. Carrigan
State Bar No. 03877000
Carrigan & Anderson, PLLC
101 N. Shoreline Blvd., Ste. 420
Corpus Christi, Texas 78401
(361) 884-4433 -Telephone
884-4434 - Facsimile
Email: scarrigan@ccatriallaw.com
Email: danderson@ccatriallaw.com

via email on the 16th day of December, 2024.

s/ *Steven F. Hudgins*_____
Steven F. Hudgins
