11/11/2024 11:04 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 94140437
By: Monica Jackson
Filed: 11/11/2024 11:04 AM

**2024-79388 / Court: 80**

CAUSE NO._____

| | | |
|---|---|---|
| **JOSEPH TRINH,** *Plaintiff* | § § § | **IN THE DISTRICT COURT** |
| vs. | § § § | \_\_\_\_ **JUDICIAL DISTRICT** |
| **HOMESITE INSURANCE COMPANY,** *Defendant* | § § § § | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JOSEPH TRINH** ("Plaintiff"), and files this Plaintiff's Original Petition, complaining of **HOMESITE INSURANCE COMPANY** ("Defendant"), and for cause of action, Plaintiff would respectfully show their Honorable Court the following:

### DESIGNATED SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. Civ.P.21(f)(2) and 21(a): klinares@ccatriallaw.com and egutierrez@ccatriallaw.com. As such, these are the **ONLY** electronic email addresses and undersigned counsel does **NOT** accept service through any other email address but requests a copy of all electronically served documents and notices, filed and unfiled be sent to scarrigan@ccatriallaw.com or danderson@ccatriallaw.com.

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in

**EXHIBIT B**

accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2. Plaintiff **JOSEPH TRINH** is an individual residing in Harris County, Texas.

3. Defendant **HOMESITE INSURANCE COMPANY** is a domestic insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served via certified mail, return receipt requested by the clerk of the court, by serving its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin Texas 78701.

### JURISDICTION

4. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant **HOMESITE INSURANCE COMPANY** because the Defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the Defendant's business activities in the State of Texas.

### VENUE

6. The venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### FACTS

7. Plaintiff is the owner of a Texas Homeowners' Insurance Policy number 41308975 (hereinafter referred to as "the Policy"), which was issued by **HOMESITE INSURANCE COMPANY**.

**EXHIBIT B**

8. Plaintiffs own the insured property, which is specifically located at 6503 Desert Rose Lane, Houston, Texas 77086 in Harris County, Texas (hereinafter referred to as "the Property").

9. Defendant **HOMESITE INSURANCE COMPANY** sold the Policy insuring the Property to Plaintiffs.

10. On or about April 29, 2024, a fire broke out on Plaintiff's property. Plaintiff's entire home and personal contents sustained extensive damage during the storm. Plaintiff asked that **HOMESITE INSURANCE COMPANY** cover the cost of repairs to the Property pursuant to the Policy.

11. The claim number assigned by **HOMESITE INSURANCE COMPANY** is 01-007-549174.

12. Defendant **HOMESITE INSURANCE COMPANY** assigned an adjuster to adjust Plaintiffs' claim. The adjuster assigned was improperly trained and failed to perform a reasonable or adequate inspection of Plaintiff's damages. During the course of their inspection, the adjuster made the executive decision to severely underscope and undervalue the damage to the exterior of the home. Defendant **HOMESITE INSURANCE COMPANY** agreed with and adopted the adjuster's undervalued and erroneous evaluation of Plaintiff's damages as its own and ultimately denied payment to Plaintiff based on that evaluation.

13. As a result of the adjuster's unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair their property), Plaintiff's claim was improperly and unreasonably adjusted. The mishandling of Plaintiff's claim has also caused a delay in their ability to make necessary

**EXHIBIT B**

repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiff has yet to receive the full payment to which they are entitled under the Policy.

14. As detailed in the paragraphs below, **HOMESITE INSURANCE COMPANY** wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, **HOMESITE INSURANCE COMPANY** underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15. To date, **HOMESITE INSURANCE COMPANY** continues to delay the payment for the damages to the property. As such, Plaintiff has not been paid any amount for the damages to their property.

16. Defendant **HOMESITE INSURANCE COMPANY** failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. **HOMESITE INSURANCE COMPANY'S** conduct constitutes a breach of the insurance contract between **HOMESITE INSURANCE COMPANY** and Plaintiff.

17. Defendant **HOMESITE INSURANCE COMPANY** misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. This was the adjuster's decision to make, and **HOMESITE INSURANCE COMPANY** adopted this decision. Defendant **HOMESITE**

**EXHIBIT B**

INSURANCE COMPANY conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant **HOMESITE INSURANCE COMPANY** failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant **HOMESITE INSURANCE COMPANY'S** conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

19. Defendant **HOMESITE INSURANCE COMPANY** failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant **HOMESITE INSURANCE COMPANY** failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant **HOMESITE INSURANCE COMPANY** did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant **HOMESITE INSURANCE COMPANY'S** conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant **HOMESITE INSURANCE COMPANY** failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant **HOMESITE INSURANCE COMPANY**. Defendant **HOMESITE INSURANCE COMPANY'S** conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

**EXHIBIT B**

21. Defendant **HOMESITE INSURANCE COMPANY** refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant **HOMESITE INSURANCE COMPANY** failed to conduct a reasonable investigation. Specifically, Defendant **HOMESITE INSURANCE COMPANY** performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. This is evidenced by the adjuster's estimate which shows that the adjuster failed to include amounts for roof and exterior of the home. Defendant **HOMESITE INSURANCE COMPANY'S** conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. Defendant **HOMESITE INSURANCE COMPANY** failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. **HOMESITE INSURANCE COMPANY'S** conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23. Defendant **HOMESITE INSURANCE COMPANY** failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. **HOMESITE INSURANCE COMPANY'S** conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24. Defendant **HOMESITE INSURANCE COMPANY** failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not

EXHIBIT B

received full payment for their claim. **HOMESITE INSURANCE COMPANY'S** conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25. From and after the time Plaintiff's claim was presented to **HOMESITE INSURANCE COMPANY**, the liability of **HOMESITE INSURANCE COMPANY** to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, **HOMESITE INSURANCE COMPANY** has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. **HOMESITE INSURANCE COMPANY'S** conduct constitutes a breach of the common law duty of good faith and fair dealing.

26. Defendant **HOMESITE INSURANCE COMPANY** knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27. As a result of Defendant **HOMESITE INSURANCE COMPANY'S** wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

28. Defendant **HOMESITE INSURANCE COMPANY** is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### A. Breach of Contract

29. Defendant **HOMESITE INSURANCE COMPANY'S** conduct constitutes a breach of the insurance contract made between **HOMESITE INSURANCE COMPANY** and Plaintiff.

EXHIBIT B

30. Defendant **HOMESITE INSURANCE COMPANY'S** failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of **HOMESITE INSURANCE COMPANY'S** contract with Plaintiff.

### B. Noncompliance With Texas Insurance Code: Unfair Settlement Practices

31. Defendant **HOMESITE INSURANCE COMPANY'S** conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

32. Defendant **HOMESITE INSURANCE COMPANY'S** unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

33. Defendant **HOMESITE INSURANCE COMPANY'S** unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though **HOMESITE INSURANCE COMPANY'S** liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

34. Defendant **HOMESITE INSURANCE COMPANY'S** unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an

EXHIBIT B

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

35. Defendant **HOMESITE INSURANCE COMPANY'S** unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

36. Defendant **HOMESITE INSURANCE COMPANY'S** unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**C. Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

37. Defendant **HOMESITE INSURANCE COMPANY'S** conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

38. Defendant **HOMESITE INSURANCE COMPANY'S** failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

39. Defendant **HOMESITE INSURANCE COMPANY'S** failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

EXHIBIT B

40. Defendant **HOMESITE INSURANCE COMPANY'S** delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### D. Breach of the Duty of Good Faith and Fair Dealing

41. Defendant **HOMESITE INSURANCE COMPANY'S** conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

42. Defendant **HOMESITE INSURANCE COMPANY'S** failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time **HOMESITE INSURANCE COMPANY** knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### KNOWLEDGE

43. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

44. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

45. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of

EXHIBIT B

Defendant **HOMESITE INSURANCE COMPANY'S** mishandling of Plaintiff's claim in violation of the laws set forth above.

46. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

47. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE §541.152.

48. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

49. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

50. For the prosecution and collection of their claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

EXHIBIT B

## JURY DEMAND

51. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of their case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled. In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $250,000 not more than $1,000,000.

Respectfully submitted,

By: /s/ David M. Anderson

David M. Anderson
State Bar No. 24064815
Stephen P. Carrigan
State Bar No. 03877000
Carrigan & Anderson, PLLC
101 N. Shoreline Blvd., Ste. 420
Corpus Christi, Texas 78401
(361) 884-4433 - Telephone
(361) 884-4434 - Facsimile
Email: scarrigan@ccatriallaw.com
Email: danderson@ccatriallaw.com
*Attorneys for Plaintiff*

EXHIBIT B

Subject: **FW: Notice of Service of Process 01-007-549174**
Date: Wed 20 Nov 2024 22:42:01 +0000
From: "Markvart, Brad" <BMarkvart@thegeneral.com>
To: "claims@homesite.com" <claims@homesite.com>

Attachments:
📎 01-007-549174 30298369_JOSEPH TRINH VS. HOMESITE INSURANCE COMPANY_CitationPetition.pdf



**Brad A. Markvart, J.D.**
**Senior Manager, Personal Lines Property Litigation**
6000 American Parkway, Madison, WI 53783| view map
**Office Phone:** 608.893.5729
**American Family Insurance, anAmFam GroupCompany**

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Mailbox, CLMSLEGAL-LAWSUITS <CLMSLEGAL-LAWSUITS@amfam.com>
**Sent:** Wednesday, November 20, 2024 3:45 PM
**To:** NewSuitsLitigation <NewSuitsLitigation@homesite.com>
**Cc:** Markvart, Brad <BMarkvart@thegeneral.com>
**Subject:** FW: Notice of Service of Process - Transmittal Number:30298369

Claim # 01-007-549174

**From:** sop@cscglobal.com <sop@cscglobal.com>
**Sent:** Tuesday, November 19, 2024 6:47 PM
**To:** Mailbox, CLMSLEGAL-LAWSUITS <CLMSLEGAL-LAWSUITS@amfam.com>
**Subject:** Notice of Service of Process - Transmittal Number:30298369

**This Message is From an External Sender**
This message came from outside your organization.

**Notice of Service of Process - Citation/Petition - Doc ID: 43326587**

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Document Type** | Citation/Petition |
| **Matter Name** | Joseph Trinh vs. Homesite Insurance Company (16538629) |
| **Case Number** | 202479388 |
| **Court** | Harris County District Court, Texas |

VIEW MY DOCUMENT

| | |
|---|---|
| **Entity** | Homesite Insurance Company |
| **Entity I.D. Number** | 3336419 |
| **Entity Served** | Homesite Insurance Company |

EXHIBIT B

| | | |
|---|---|---|
| **Nature of Case** | Contract | Sender Information: |
| **Jurisdiction Served** | Texas | |
| **Date Served on CSC** | 11/19/2024 | Carrigan & Anderson, PLLC  361-884-4433 |
| **Answer or Appearance Due** | 10:00 am Monday next following the expiration of 20 days after service | Primary Contact: Legal Department |
| **Originally Served On** | CSC | American Family Mutual Insurance |
| **How Served** | Certified Mail | Electronic copy provided to: clmslegal-lawsuits@amfam.com  Amy.Johnson.1@afics.com  Alisa.Little.1@afics.com |

## What are your next steps?

1. Click the link to view and acknowledge your document

2. Contact your attorney to review

## Who is CSC?

CSC® is the world's leading provider of business, legal, tax and digital brand services to companies around the globe. From keeping your business in compliance and streamlining operations, to protecting and promoting your brand online, we use our expertise and personal approach to help your business run smoother.

### What is SOP?

Service of Process (SOP) generally refers to the notice provided to a party at the initiation of a lawsuit. More broadly, in the context of a registered agent, it applies to documents related to litigation, wage garnishments, bankruptcies, foreclosures, subpoenas and other legal matters where your organization may be a party in some capacity.

### Why are we contacting you?

As your registered agent, CSC is responsible for receiving service of process (lawsuits, subpoenas, wage garnishments, etc.) on your organization's behalf. This notification provides some of the basic descriptive details related to a document that CSC has received in this capacity. Click the link above to view the full image of this document, so you can assess the required or appropriate responsive action.

**EXHIBIT B**

All service must be acknowledged. If you are unable to view the above link, click here to view other options.

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Copyright ©2021 Corporation Service Company.
All rights Reserved

Privacy  Legal  Browser Policy

251 Little Falls Drive
Wilmington, Delaware 19808-1674
(888)-690-2882
sop@cscglobal.com

EXHIBIT B



# Notice of Service of Process

null / ALL
Transmittal Number: 30298369
Date Processed: 11/19/2024

| | |
|---|---|
| **Primary Contact:** | Legal Department<br>American Family Mutual Insurance<br>6000 American Pkwy<br>Madison, WI 53783-0001 |
| **Electronic copy provided to:** | Katie Rowan<br>Jason Holt<br>Alisa Little<br>Mary Jo Moesch<br>Amy Johnson |
| **Entity:** | Homesite Insurance Company<br>Entity ID Number  3336419 |
| **Entity Served:** | Homesite Insurance Company |
| **Title of Action:** | Joseph Trinh vs. Homesite Insurance Company |
| **Matter Name/ID:** | Joseph Trinh vs. Homesite Insurance Company (16538629) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202479388 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/19/2024 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Carrigan & Anderson, PLLC<br>361-884-4433 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT B**

CAUSE NO. 202479388

RECEIPT NO. 1051203          75.00      CTM
\*\*\*\*\*\*\*\*\*                TR # 74405202

| | |
|---|---|
| PLAINTIFF: TRINH, JOSEPH<br>vs.<br>DEFENDANT: HOMESITE INSURANCE COMPANY | In The  80th<br>Judicial District Court<br>of Harris County, Texas<br>80TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HOMESITE INSURANCE COMPANY MAY BE SERVED BY SERVING ITS REGISTERED
    AGENT CORPORATION SERVICE COMPANY

   211 E 7TH STREET SUITE 620  AUSTIN TX  78701

   Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of November, 2024, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
     This citation was issued on 13th day of November, 2024, under my hand and
seal of said Court.



Issued at request of:
ANDERSON, DAVID MICHAEL JR.
101 N. SHORELINE BLVD, STE. 420
CORPUS CHRISTI, TX  78401
Tel: (361) 884-4433
Bar No.: 24064815

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: JACKSON, MONICA  I8V//12710302

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

ADDRESS

(a) ADDRESSEE

Service was executed in accordance with Rule 106
   (2) TRCP, upon the Defendant as evidenced by the
   return receipt incorporated herein and attached
   hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following
reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P                    \*74405202\*                    **EXHIBIT B**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Krista Linares on behalf of David Anderson
Bar No. 24064815
klinares@ccatriallaw.com
Envelope ID: 94140437
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 11/11/2024 11:30 AM CST

Associated Case Party: Joseph Trinh

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David MAnderson | | danderson@ccatriallaw.com | 11/11/2024 11:04:09 AM | SENT |
| Erica Gutierrez | | egutierrez@ccatriallaw.com | 11/11/2024 11:04:09 AM | SENT |
| Krista Linares | | klinares@ccatriallaw.com | 11/11/2024 11:04:09 AM | SENT |

**EXHIBIT B**



MARILYN BURGESS
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



2024-79388  80TH DISTRICT COURT
HOMESITE INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211-E 7TH STREET SUITE 620
AUSTIN TX 78701

EXHIBIT B